**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Simon Ramsawak,<br><br>                              Plaintiff,<br><br>          -v-<br><br>Dry Harbor HRF, Inc.,<br><br>                              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>Jury Trial Demanded |

Plaintiff Simon Ramsawak ("Plaintiff" or "Ramsawak"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant Dry Harbor HRF, Inc. ("Dry Harbor" or "Defendant") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, severance pay, unlawful wage deductions due under law, contract/agreement, under Article 6 of the New York Labor Law including Section 191, 193, 198, 198-c, unpaid accrued time/benefits, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article

6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Simon Ramsawak ("Plaintiff" or "Ramsawak") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief, and at all times relevant herein, Dry Harbor HRF, Inc. ("Dry Harbor" or "Defendant") was a New York corporation with its principal place of business located at 61 35 Dry Harbor Road Middle Village, NY 11379.

## STATEMENT OF FACTS

9. Upon information and belief, and at all relevant times herein, Defendant health and care related services to the public.

10. Upon information and belief, and at all relevant times herein, Defendant employed approximately over 200 employees.

11. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant for about 30 years ending on or about October 7, 2022.

12. At all times relevant herein, Plaintiff was employed by Defendant in its housekeeping and environmental department, including the performance of a variety of manual and physical tasks, such as inspections, repairs, etc.

13. At all times relevant herein, Plaintiff worked about 55-70 hours or more each week for Defendant – 5-7 days a week with the exception of about 2-4 weeks each year.

14. At all times relevant herein, Plaintiff was paid at a regular rate of about $77.95 an hour and Plaintiff was only paid for 35 hours each week and Plaintiff was not paid any wages for his remaining 15-35 hours worked each week, including about 10-20 on call work hours each week – with the exception of about 2-4 weeks each year. See i.e. 29 CFR § 785.17; 29 CFR § 785.16(a), etc. For example, for the period ending April 16, 2022, Plaintiff worked at least 55 hours this week but Defendant only paid Plaintiff for 35 of these 55 or more hours worked at his regular hourly rate of $77.95 an hour and Plaintiff was not paid any wages for the remaining 20 or more hours worked during this week. This example is reflective of Defendant's payment pattern throughout Plaintiff's employment with it.

15. In addition, Plaintiff was required to use his own vehicle in the performance of his work for Defendant during the period of his employment. However, although Defendant reimbursed Plaintiff for some of these costs and expenses using his own vehicle for Defendant's work, Defendant failed to reimburse Plaintiff for about at least $75 or more each week which constitutes an unlawful deduction under the FLSA and NYLL including NYLL § 193.

16. Also, as part of Plaintiff's employment with Defendant, Defendant had agreed to give Plaintiff a percentage wage increase to that given to union employees each year, but Defendant failed to provide Plaintiff with this wage increase for the years 2020, 2021 and 2022. Plaintiff also seeks to recover in this action, the loses from Defendant's failure to provide these wage increases which were about three (3) or more percent each year.

17. Plaintiff's hours worked and wages paid may be refined after Defendant produces employment, time and wage records it was required to keep under the FLSA and NYLL. *Accurate* records of Plaintiff's time, wages and employment that Defendant was required to

keep pursuant to the FLSA and NYLL are incorporated by reference herein.

18. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. See Appellee Br. at 16-21.").

19. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not reflect all hours worked, nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. See Appellee Br. at 16-21.").

20. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

21. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

22. At all times applicable herein and upon information and belief, Defendant conducted business outside the State of New York involving materials and services.

23. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

24. Defendant as a regular part of their business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

25. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

26. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet, electronic mail and telephone systems.

27. All times applicable or relevant herein as to the FLSA overtime claim refers to refers to Plaintiff's period of employment with Defendant.

28. All times applicable or relevant herein as to the NYLL overtime claim refers to Plaintiff's period of employment with Defendant.

29. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

30. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

31. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

32. "Plaintiff" as used in this complaint refers to the named Plaintiff.

33. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

34. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 33 above as if set forth fully and at length herein.

35. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC § 201 et Seq.

36. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

37. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

38. At all times relevant herein, Defendant failed and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### Relief Demanded

39. Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

40. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

42. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

43. Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**(NYLL § 190, 191, 193, 195 and 198)**

44. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 42 above with the same force and effect as if fully set forth at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 198 and 198-c, and the applicable regulations thereunder.

46. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his wages including his non-overtime and overtime wages (FLSA and NYMWA), within the time required under NY Labor Law § 190 et seq.

47. At all times relevant herein, Plaintiff was entitled to severance/separation pay of at least about $36,000 from Defendant pursuant to the terms and conditions of his employment with Defendant, including Defendant's severance/separation plan/policy which Defendant was required to apply and implement in a fair, reasonable, equal, non-discriminatory and non-arbitrary manner.

48. At all times relevant herein, Plaintiff is owed at least $36,000 of earned and accrued paid

time off for which he has not been paid but for which he is entitled to payment and payment that he seeks to recover through this action.

49. At all times relevant herein, Plaintiff is owed deductions under the FLSA and NYLL including NYLL § 193 as explained above.

50. Plaintiff is owed a three (3) or more percent each year wage increase to that given to union employees each year, as explained above.

51. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

52. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

## **Relief Demanded**

53. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, 198-c, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his non-overtime and overtime wages, (FLSA and NYMWA), severance pay, wage deductions, wages due under law, contract/agreement, unpaid accrued time/benefits, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

54. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

55. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

56. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

57. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his overtime wages, (FLSA and NYMWA), non-overtime wages, severance pay, wage deductions under law, contract/agreement, unpaid accrued time/benefits, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

58. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

59. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **December 31, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com